CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Bryius Lewis, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 7:25-cv-00820 |
| | ) |
| Unknown, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Bryius Lewis, a Virginia inmate proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) He contends that his sentence has been wrongly calculated.

Federal courts cannot consider habeas petitions until the claims asserted have been exhausted. *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979). Exhaustion requires that each issue be presented to the state's highest court and considered on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999). "Put another way, Petitioner cannot directly seek federal court review of a state prison administrative grievance—as a matter of federal law, and based on principles of federalism and comity—without going through the state court system." *Urias v. Soto*, No. CV 15-772 VBF MRW, 2015 WL 3901653, at *2 (C.D. Cal. June 18, 2015). "Cases filed in this District and Circuit on habeas grounds are routinely dismissed on initial review for failure to exhaust state remedies where the failure-to-exhaust is clear from the face of the petition." *Owens v. Cohen*, C/A No. 4:20-294, 2020 WL 6065411, at

\*2 (D.S.C. Sept. 15, 2020), report and recommendation adopted by 2020 WL 6064544 (Oct. 14, 2020); *Jones v. Unknown*, No. 7:06-601, 2006 WL 2995625, at \*1 (W.D. Va. Oct. 17, 2006) (holding that petitioner's "failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases").

Lewis's Petition states that he has not exhausted any state court remedies, specifying that he neither appealed to the highest level of state court review nor pursued any state court post-conviction proceedings prior to submitting this federal habeas action. (Dkt. 1 at 2–5, 7–9.) Therefore, at this time, Lewis's claims are unexhausted and premature for this court's consideration. His claims must be dismissed without prejudice, preserving his right to refile in federal court after state court exhaustion is complete. *Brown*, 475 F. Supp. at 944; *Galloway v. Stephenson,* 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

For this reason, the court **DISMISSES** this action without prejudice. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Lewis.

**ENTERED** this 24th day of November, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

-2-